| | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY |
|---|---|
| **KARL PETER SCHEUFLER,** *other Karl: House of Israel* | |
| **Plaintiff,** | Civ. No. 21-6141 (KM/ESK) |
| v. | |
| **MARC A. STEFANSKI,** *Acting as Chief Executive Officer, Third Federal Savings and Loan Association of Cleveland*; | **OPINION** |
| **THIRD FEDERAL SAVINGS AND LOAN ASSOCIATION OF CLEVELAND**, *All heir(s), joint-heir(s), assign(s), nominee(s), all agent(s), all principal(s), all successor(s), other(s)*; | |
| **FEIN, SUCH, KAHN & SHEPARD, P.C.**; | |
| **DOLORES M. DE ALMEIDA**, *All heir(s), joint-heir(s), assign(s), nominee(s), all agent(s), all principal(s), all successor(s), other(s)*; | |
| **DENISE M. SCHEUFLER**; | |
| **SCOTT M. COLABELLA**, *Acting as Ocean County Clerk, State of New Jersey*; | |
| **MICHAEL G. MASTRONARDY**, *Acting as Sheriff, Chief Executive Officer, Ocean County Sheriff's Office*; | |
| **THE HONORABLE MARLENE LYNCH FORD**, *Acting as Assignment Judge, Superior Court, Ocean County, State of New Jersey*; | |
| **MARLENE CARIDE**, *Acting as Marlene Caride, Commissioner, New Jersey Department of Banking and Insurance*; | |

1

**ELIZABETH MAHER MUOIO**, *Acting as State Treasurer, State of New Jersey*;

**GRUBIR S. GREWAL**, *Acting as Attorney General, State of New Jersey*;

**PHIL D. MURPHY**, *Acting as Governor, State of New Jersey*;

**STUART RABNER**, *Acting as Chief Judge, Supreme Court, State of New Jersey*;

**HON. FREDA L. WOLFSON**, *Chief Judge, United States District Court, District of New Jersey*;

**WALTER JOSEPH CLAYTON, III**, *Acting as Chairman, United States Securities and Exchange Commission*;

**HUGH R. FRATER**, *Acting as Chief Executive Officer, Fannie Mae, Inc.*;

**JOSEPH M OTTING**, *Acting as Comptroller of Currency, Office of Comptroller of Currency*;

**JOHN ROBERT, JR**., *Acting as Chief Justice, Supreme Court, United States of America*;

**STEVEN T. MNUCHIN**, *Acting as Secretary of the Treasury, United States of America*;

**WILLIAM P. BARR**, *Acting as Attorney General, United States of America*;

**DONALD J. TRUMP**, *Acting as President & Commander-in-Chief, United States of America*;

**ELIZABETH II**, *Sister, as Defender of the Faith, Queen of Great Britain, Crown-Elector & Arch-Treasurer of The*

2

> *Holy Roman Empire*;
>
> **FRANCIS**, *Pope, Supreme Pontiff*,
>
> **Defendants.**

The complaint in this action names some twenty-three defendants, including the Hon. Freda L. Wolfson, Chief Judge, who sits in the Trenton vicinage of the U.S. District Court for the District of New Jersey. I sit in the Newark vicinage. The clerk referred this case to me for review pursuant to D.N.J. Loc. Civ. R. 41(g).[1] That Local Rule essentially requires that, where a sitting judge has been sued, a second judge in a separate vicinage shall review the allegations. If judicial immunity is a complete defense or the allegations are found to be patently frivolous, then the action shall be dismissed against the original judge. In such a case, there is no need for recusal or for referral of the case to a separate district.

As regards Chief Judge Wolfson, the complaint is patently frivolous and will be dismissed.

---

[1]   I quote subsection (g), and include subsection (h) for context:

> (g) A civil action filed against a Judge shall be assigned to a Judge in a vicinage other than the vicinage where the defendant Judge maintains his or her permanent duty station and if the assignee Judge determines that the suit is patently frivolous, or if judicial immunity is plainly applicable, the assignee Judge need not recuse, but in all other cases, the assignee Judge is disqualified and shall refer the matter to the Chief Judge for assignment outside the District of New Jersey.
>
> (h) If assignment to a Judge pursuant to (g) above is a reassignment of a civil action that results from the originally assigned Judge being named as a defendant Judge in that civil action, the newly assigned Judge shall promptly determine whether the suit against the Judge is patently frivolous or judicial immunity applies. If the assigned Judge determines that judicial immunity is a complete defense or the suit against the Judge is patently frivolous that warrants the dismissal of the defendant Judge, the assigned Judge shall promptly notify the Chief Judge upon the issuance of an order dismissing the defendant Judge. The Chief Judge shall thereafter, if appropriate, reassign the civil action to the originally assigned Judge.

D.N.J. Loc. Civ. R. 41(g) & (h) (as amended March 25, 2019).

**Discussion**

A complaint is required, at a minimum, to do the following:

(a) CLAIM FOR RELIEF. A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief. . . .

(d) PLEADING TO BE CONCISE AND DIRECT; ALTERNATIVE STATEMENTS; INCONSISTENCY.

(1) In General. Each allegation must be simple, concise, and direct. No technical form is required.

(2) Alternative Statements of a Claim or Defense. A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

(3) Inconsistent Claims or Defenses. A party may state as many separate claims or defenses as it has, regardless of consistency.

Fed. R. Civ. P. 8(a) & (d).

Because the plaintiff is appearing *pro se,* I construe his complaint liberally. *See generally Haines v. Kerner,* 404 U.S. 519 (1972). The standard I apply—that the complaint, insofar as it is addressed to Judge Wolfson, not be "patently frivolous"—is not a high one.[2] Yet this complaint does not come close to meeting it.

---

[2]   I do not rely on the requirement of plausibility that applies on an ordinary Rule 12(b)(6) motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). In my view, the Local Rule 41(g) provision that the complaint not be dismissed unless it is "patently frivolous" sets a lower bar.

The complaint is titled "Non-Statutory Writ of Covenant trespass to try title, by Praecipe/Prescription." The plaintiff identifies himself as follows:

> Iesus: the Christ, an irrevocable trust
> by and Karl: house of Israel
> the house of prayer
> in care of: incumbent
> 117 Albert Street
> Brick New Jersey 08724
> New Hierusalem, kingdome of heauen[3]

From the documents attached to the complaint, it is inferable that the first half-dozen or so might have some connection to prior proceedings concerning a transfer of real estate to the plaintiff's spouse, Denise Scheufler, in Brick Township, Ocean County. (These initial defendants include a bank and a bank official, a judge and officials of the Superior Court, Ocean County, the plaintiff's spouse, and others.)

The rest of the defendants, of whom Chief Judge Wolfson is one, include high officials of the State of New Jersey, including the Governor, State Attorney General, and Chief Justice; the heads of federal agencies and entities, including the SEC and Fannie Mae; the Comptroller of the Currency and Secretary of the Treasury; the Chief Justice of the United States and U.S. Attorney General; the President of the United States; Queen Elizabeth II; and the Pope.

The complaint does not intelligibly set forth allegations of historical fact. It is a rambling set of religious and quasi-legal objections indicating that the plaintiff believes we are in a state of war and martial law; that public "records" are invalid; that he does not recognize paper money or the monetary system; that he does not recognize the calendar system; that he does not accept the language or terminology of various legal documents; that the legal system does not have a proper religious foundation or origin, and is contrary to scripture;

---

[3]  *Sic* in original. The complaint adopts certain archaic spelling and naming conventions, some of them from the Authorized (King James) Version of the Holy Bible (1611), which it repeatedly cites.

and many others. Plaintiff announces that he is "expurgating Your records." One theme seems to that the property and powers formerly owned or exercised by Mr. Scheufler are now in the name of a trust, sometimes called "Iesus the Christ an irrevocable trust." Another is that certain legal proceedings or recorded documents in relation to the marital home in Brick, New Jersey, are invalid. The primary relief he seeks seems to be the restoration of title to the marital home in Brick, New Jersey.

Further allegations appear in a table of exhibits. Exhibit A is a financing statement filed in Texas purporting to reflect the placement of the Brick, New Jersey property in an irrevocable trust. Exhibit B consists of proofs of mailing. Exhibit C consists of New Jersey UCC financing statements naming as debtors the bank defendant and Denise Scheufler, the plaintiff's spouse. Exhibit D is a "General letter of Attorney," by which Karl Peter Schefler purports to grant power of attorney to "Karl: house of Israel." Exhibit E is a "revocation of power of Attorney" to his spouse. Attached is a copy of a January 31, 2017 deed conveying the Brick property to Denise Scheufler, which bears the notation "Refused for Cause." Also attached is an order to show cause with temporary restraints which orders a psychiatric evaluation of Karl Scheufler, prohibits contact with the children, and grants Denise Scheufler power of attorney to convey the Brick property. It, too, bears a large black notation "Refused for Cause." Other documents in connection with the transfer are attached, in whole or in part, and are similarly marked. Exhibit F is a letter from Karl Scheufler to Denise Scheufler, date March 10, 2017, entitled "Notice of Fraudulent Conveyance of Deed." It indicates that the Third Federal Savings and Loan (the bank defendant here) was a mortgage lien holder. It attaches a blank affidavit, to be filled out by Denise Scheufler, admitting the fraud. Exhibit G is a faxed notice, issued under religious authority, to the effect that Karl Scheufler does not consent to any alteration to the deed for the Brick property. Exhibit H is presented as a satisfaction of a $150,000 mortgage/home equity line of credit, with the plaintiff's own notations and comments added, and a "Money Order" issued by plaintiff himself. Exhibit J

6

consists of proofs of claim of taxes, with "Kind of Proceeding" designated as "Reconciliation II Corinthians V:18-21." It is accompanied by a "Release of Lien" and release of escrowed property, issued by Mr. Scheufler himself, purportedly as a "duly authorized representative of the United States Government." Also attached are bonds of bid, performance, and payment, the basis of which are unclear. Exhibits K–N are proofs of mailing. Exhibit O is a copy of the oath of office and bond for the Ocean County Sheriff, with the plaintiff's notations. Attached is a "Writ of Mandamus" for the Sheriff's alleged breach of promise, stating religious and other objections to the oath, and several other grounds. Exhibits P, Q, and T are communications to defendant Caride (Commissioner of the NJ Department of Banking and Insurance), defendant Frater (CEO of Fannie Mae, Inc.), and defendant Mastronardy (Ocean County Sheriff), concerning 1099 forms and containing various religious and other objections to the taxing functions or failure to recognize the "secured party Iesus: the Christ." Exhibits R and S are proofs of mailing.

    This complaint does not specify or suggest a recognized cause of action, whether statutory or common law. More to the point, its allegations do not correspond to any cause of action that I can imagine with respect to the Chief Judge of this District Court. No such source of federal or state law is cited.

    I have summarized the allegations, not so much to establish what they do say as to establish what they do not say. Chief Judge Wolfson, although included in a long list of defendants, is not alleged to have presided over any proceeding relevant to the allegations. Indeed, she is not factually alleged to have done anything. As noted, she appears among a list of defendants, ranging from the State Treasurer to the Pope, who seem to have been named simply because they occupy important stations in life. So, as to Chief Judge Wolfson, it is not a case of the allegations being "frivolous"; it is a case of there being no relevant factual allegations at all.[4]

---

[4]     The other alternative under Rule 41(g) is dismissal based on judicial immunity. I do not reach that issue. A judicial officer has absolute immunity from suit based on the performance of his or her duties. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see*

## CONCLUSION

As to Chief Judge Wolfson, the complaint is "patently frivolous" within the meaning of Local Civil Rule 41(g). I will enter a separate order dismissing the complaint as against Chief Judge Wolfson. Accordingly, neither recusal nor reassignment of the case to another district is necessary.

Dated: May 21, 2020

/s/ Kevin McNulty

---

**KEVIN MCNULTY**
**United States District Judge**

---

*also Kwasnik v. LeBlon*, 228 F. App'x 238, 243 (3d Cir. 2007). Because there are no factual allegations against Chief Judge Wolfson, it is not possible to assess whether such hypothetical allegations would involve her performance of her duties—although the fact that she is sued *as* Chief Judge suggest that this would be the case.