| | |
|---|---|
| **KARL PETER SCHEUFLER,** *other Karl: House of Israel* <br><br>**Plaintiff,**<br><br>v.<br><br>**MARC A. STEFANSKI,** *Acting as Chief Executive Officer, Third Federal Savings and Loan Association of Cleveland*;<br><br>**THIRD FEDERAL SAVINGS AND LOAN ASSOCIATION OF CLEVELAND**, *All heir(s), joint-heir(s), assign(s), nominee(s), all agent(s), all principal(s), all successor(s), other(s)*;<br><br>**FEIN, SUCH, KAHN & SHEPARD, P.C.**;<br><br>**DOLORES M. DE ALMEIDA**, *All heir(s), joint-heir(s), assign(s), nominee(s), all agent(s), all principal(s), all successor(s), other(s)*;<br><br>**DENISE M. SCHEUFLER**;<br><br>**SCOTT M. COLABELLA**, *Acting as Ocean County Clerk, State of New Jersey*;<br><br>**MICHAEL G. MASTRONARDY**, *Acting as Sheriff, Chief Executive Officer, Ocean County Sheriff's Office*;<br><br>**THE HONORABLE MARLENE LYNCH FORD**, *Acting as Assignment Judge, Superior Court, Ocean County, State of New Jersey*;<br><br>**MARLENE CARIDE**, *Acting as Marlene Caride, Commissioner, New Jersey Department of Banking and Insurance*; | **UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY**<br><br><br>Civ. No. 20-6141 (KM) (ESK)<br><br>**OPINION** |

1

**ELIZABETH MAHER MUOIO**, *Acting as State Treasurer, State of New Jersey*;

**GRUBIR S. GREWAL**, *Acting as Attorney General, State of New Jersey*;

**PHIL D. MURPHY**, *Acting as Governor, State of New Jersey*;

**STUART RABNER**, *Acting as Chief Judge, Supreme Court, State of NJ*;

**WALTER JOSEPH CLAYTON, III**, *Acting as Chairman, United States Securities and Exchange Commission*;

**HUGH R. FRATER**, *Acting as Chief Executive Officer, Fannie Mae, Inc.*;

**JOSEPH M OTTING**, *Acting as Comptroller of Currency, Office of Comptroller of Currency*;

**JOHN ROBERT, JR**., *Acting as Chief Justice, Supreme Court, United States of America*;

**STEVEN T. MNUCHIN**, *Acting as Secretary of the Treasury, United States of America*;

**WILLIAM P. BARR**, *Acting as Attorney General, United States of America*;

**DONALD J. TRUMP**, *Acting as President & Commander-in-Chief, United States of America*;

**ELIZABETH II**, *Sister, as Defender of the Faith, Queen of Great Britain, Crown-Elector & Arch-Treasurer of The Holy Roman Empire*;

**FRANCIS**, *Pope, Supreme Pontiff*,

          **Defendants.**

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before this court on motions to dismiss by several of the many defendants. (DE 29, 35, 38, 39, 46.)[1] In addition, plaintiff moves for default judgment against several defendants who have not appeared (DE 42, 48.) For the reasons outlined below, I dismiss the claims against all defendants, with prejudice, and deny plaintiff's motion for default judgment.

## I. BACKGROUND

As noted below, plaintiff's "Non-Statutory Writ of Covenant Trespass to Try Title Received" (DE 1) is often unclear and rambling, but his basic complaint is clear enough. A house at 117 Albert Street in Brick, New Jersey, was awarded to his ex-wife in divorce proceedings in 2017. (Compl., Ex. E.) The house was then foreclosed upon in 2020. (DE 39-1 at 1.) The order in the divorce proceedings forbade plaintiff from filing additional documents related to the property. (DE 29-1 at 2.) Having exhausted his options in state court, plaintiff filed this suit against a number of defendants involved in some way in the earlier litigation, as well as an array of unrelated but powerful people, to attempt to regain title to the property.

The following description of the complaint's allegations is taken from my prior opinion screening certain allegations asserted against the Chief Judge of this District:

> The complaint is titled "Non-Statutory Writ of Covenant trespass to try title, by Praecipe/Prescription." The plaintiff identifies himself as follows:
>
> Iesus: the Christ, an irrevocable trust
> by and Karl: house of Israel
> the house of prayer

---

[1] Certain citations to the record are abbreviated as follows:

DE = docket entry in this case

Compl. = Plaintiff's Non-Statutory Writ of Covenant Trespass to Try Title Received (DE 1)

    in care of: incumbent
117 Albert Street
Brick New Jersey 08724
New Hierusalem, kingdome of heauen[2]

From the documents attached to the complaint, it is inferable that the first half-dozen or so might have some connection to prior proceedings concerning a transfer of real estate to the plaintiff's spouse, Denise Scheufler, in Brick Township, Ocean County. (These initial defendants include a bank and a bank official, a judge and officials of the Superior Court, Ocean County, the plaintiff's spouse, and others.)

The rest of the defendants, of whom Chief Judge Wolfson is one, include high officials of the State of New Jersey, including the Governor, State Attorney General, and Chief Justice; the heads of federal agencies and entities, including the SEC and Fannie Mae; the Comptroller of the Currency and Secretary of the Treasury; the Chief Justice of the United States and U.S. Attorney General; the President of the United States; Queen Elizabeth II; and the Pope.

The complaint does not intelligibly set forth allegations of historical fact. It is a rambling set of religious and quasi-legal objections indicating that the plaintiff believes we are in a state of war and martial law; that public "records" are invalid; that he does not recognize paper money or the monetary system; that he does not recognize the calendar system; that he does not accept the language or terminology of various legal documents; that the legal system does not have a proper religious foundation or origin, and is contrary to scripture; and many others. Plaintiff announces that he is "expurgating Your records." One theme seems to that the property and powers formerly owned or exercised by Mr. Scheufler are now in the name of a trust, sometimes called "Iesus the Christ an irrevocable trust." Another is that certain legal proceedings or recorded documents in relation to the marital home in Brick, New Jersey, are invalid. The primary relief he seeks seems to be the restoration of title to the marital home in Brick, New Jersey.

Further allegations appear in a table of exhibits. Exhibit A is a financing statement filed in Texas purporting to reflect the

---

[2]    *Sic* in original. The complaint adopts certain archaic spelling and naming conventions, some of them from the Authorized (King James) Version of the Holy Bible (1611), which it repeatedly cites.

4

placement of the Brick, New Jersey property in an irrevocable trust. Exhibit B consists of proofs of mailing. Exhibit C consists of New Jersey UCC financing statements naming as debtors the bank defendant and Denise Scheufler, the plaintiff's spouse. Exhibit D is a "General letter of Attorney," by which Karl Peter Scheufler purports to grant power of attorney to "Karl: house of Israel." Exhibit E is a "revocation of power of Attorney" to his spouse. Attached is a copy of a January 31, 2017 deed conveying the Brick property to Denise Scheufler, which bears the notation "Refused for Cause." Also attached is an order to show cause with temporary restraints which orders a psychiatric evaluation of Karl Scheufler, prohibits contact with the children, and grants Denise Scheufler power of attorney to convey the Brick property. It, too, bears a large black notation "Refused for Cause." Other documents in connection with the transfer are attached, in whole or in part, and are similarly marked. Exhibit F is a letter from Karl Scheufler to Denise Scheufler, date March 10, 2017, entitled "Notice of Fraudulent Conveyance of Deed." It indicates that the Third Federal Savings and Loan (the bank defendant here) was a mortgage lien holder. It attaches a blank affidavit, to be filled out by Denise Scheufler, admitting the fraud. Exhibit G is a faxed notice, issued under religious authority, to the effect that Karl Scheufler does not consent to any alteration to the deed for the Brick property. Exhibit H is presented as a satisfaction of a $150,000 mortgage/home equity line of credit, with the plaintiff's own notations and comments added, and a "Money Order" issued by plaintiff himself. Exhibit J consists of proofs of claim of taxes, with "Kind of Proceeding" designated as "Reconciliation II Corinthians V:18-21." It is accompanied by a "Release of Lien" and release of escrowed property, issued by Mr. Scheufler himself, purportedly as a "duly authorized representative of the United States Government." Also attached are bonds of bid, performance, and payment, the basis of which are unclear. Exhibits K–N are proofs of mailing. Exhibit O is a copy of the oath of office and bond for the Ocean County Sheriff, with the plaintiff's notations. Attached is a "Writ of Mandamus" for the Sheriff's alleged breach of promise, stating religious and other objections to the oath, and several other grounds. Exhibits P, Q, and T are communications to defendant Caride (Commissioner of the NJ Department of Banking and Insurance), defendant Frater (CEO of Fannie Mae, Inc.), and defendant Mastronardy (Ocean County Sheriff), concerning 1099

> forms and containing various religious and other objections to the taxing functions or failure to recognize the "secured party Iesus: the Christ." Exhibits R and S are proofs of mailing.
>
> This complaint does not specify or suggest a recognized cause of action, whether statutory or common law.

(DE 3.)

I have reviewed the entire docket, including filings by the plaintiff, none of which appear to directly address the motions to dismiss filed by the various defendants. (DE 36, 43, 48, 50.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires a complaint, at a minimum to do the following:

> (a) CLAIM FOR RELIEF. A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief. . . .
>
> (d) PLEADING TO BE CONCISE AND DIRECT; ALTERNATIVE STATEMENTS; INCONSISTENCY.
>
> (1) In General. Each allegation must be simple, concise, and direct. No technical form is required.

Fed. R. Civ. P. 8(a) & (d).

To survive dismissal, initial pleadings must assert "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must raise a claimant's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570. That standard is met when "factual content [] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal

6

of a complaint if it fails to state a claim. For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014). In addition, claims can be dismissed for failure to state a claim if defendants demonstrate they are immune from suit. *Gallas v. Supreme Ct. of Pennsylvania*, 211 F.3d 760, 768 (3d Cir. 2000) (quoting *Forrester v. White*, 484 U.S. 219, 226–27 (1988)).

Because the plaintiff is appearing *pro se,* I construe his complaint liberally. Pro se complaints, "however inartfully pleaded," are to be held to "less stringent standards than formal pleadings drafted by lawyers" and can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "While a litigant's *pro se* status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds *pro se*." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted)

### III. DISCUSSION

I first state the reasons that a default judgment is not warranted. Then, to simplify the discussion, I have grouped defendants together based on the reason the claims against them are to be dismissed. First, I discuss defendants for whom judicial immunity compels dismissal. Second, I discuss defendants for whom the litigation privilege compels dismissal. Third, I discuss the claims against individuals involved in some way in the underlying events of this case, but against whom the complaint fails to state a claim. Finally, I discuss the claims against defendants who are not alleged to be involved in the events of this case in any way.

### a. Default Judgment

Plaintiff submitted two filings that seem to request a default judgment (DE 42, 48.) "[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher*, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Fed. Prac. & P. Civil 3d § 2688, at 58–59, 63).

For the same reasons outlined below, I find that the complaint does not contain facts that constitute a "legitimate cause of action." *DirecTV*, 2006 WL 680533, at *1. I thus decline to enter a default judgment and instead dismiss the claims against all plaintiffs.

### b. Judicial Defendants

Plaintiff includes in his list of defendants the Hon. Stuart Rabner and the Hon. Marlene Lynch Ford. Judge Rabner is the Chief Justice of the New Jersey Supreme Court. Marlene Lynch Ford is the Assignment Judge of the Superior Court of New Jersey, Ocean County.

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985). To determine if judicial immunity applies, a court must determine: (1) whether the judge's conduct was within his or her judicial capacity; and (2) whether the judge acted with general subject matter jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). If both prongs are satisfied, absolute judicial immunity will not be disturbed. *See Figueroa v. Blackburn*, 208 F.3d 435, 445 (3d Cir. 2000).

This inquiry is somewhat difficult in this case because no facts are alleged against either defendant. Plaintiff has not claimed that these judges acted outside their judicial capacity or that they acted outside of their jurisdiction. Both judges, then, are entitled to absolute judicial immunity and the claims against them must be dismissed. In addition, I find that, for the reasons stated below in Section III.d., the claims must be dismissed because the complaint fails to allege any facts at all against either one of these defendants.[3]

### c. Attorney Defendants

Plaintiff brings claims against Fein, Such, Kahn, & Shepard, P.C. and Dolores M. De Almeida, a former employee of Fein, Such, Kahn, & Shepard, P.C. These defendants are likely included because they handled the 2020 foreclosure of the 117 Albert Street property. (DE 39-1 at 1.)

Like judicial immunity, litigation privilege has deep roots in the common law. *Loigman vs. Twp. Comm. of Twp. Of Middletown*, 889 A.2d 426, 433 (N.J. 2006). The privilege insures that "[s]tatements by attorneys, parties and their representatives made in the course of judicial or quasi-juidicial proceedings are absolutely privileged and immune from liability." *Peterson v. Ballard*, 679 A.2d 657, 659 (N.J. Super. Ct. App. Div. 1996) (citing *Erickson v. Marsh & McLennon Co., Inc.*, 569 A.2d 793 (N.J. 1990)). The privilege has four elements. It is applicable to any communication "(1) made in judicial or quasi-judicial proceedings; (2) by litigation or other participants authorized by law; (3) to achieve the objects of the litigation, and (4) that have some connection or logical relation to the action." *Hawkins v. Harris*, 661 A.2d 284, 289 (N.J. 1995).

Like the judicial immunity defense, the analysis of the attorney defendants' litigation privilege defense is hampered by the lack of facts alleged

---

[3] These defendants also argue that the claims against them should be dismissed on the basis of Eleventh Amendment state sovereign immunity. (DE 38-1 at 13–15.) The argument is plausible, but I do not reach it because I find that the claims must be dismissed based on judicial immunity and failure to state a claim.

9

in the complaint. Given, however, that the only logical connection of the attorney defendants to the case is their participation in the foreclosure action, it appears that any claims against them must be based on their actions in a judicial proceeding.[4] Plaintiff has not alleged anything to the contrary. Therefore, I find that the litigation privilege requires that claims against the attorney defendants be dismissed. In addition, I find that, for the reasons stated below, Section III.d., the claims must be dismissed because the complaint fails to allege any facts against either of these defendants.

### d. Defendants with a connection to the case

Plaintiff also brings claims against several defendants who do have a logical connection to the case and who do not have any immunity defense against suit.

Marc A. Stefanski is the President of the Third Federal Savings and Loan Association of Cleveland. Third Federal provided the mortgage on the 117 Albert Street property and foreclosed on it in 2020. Michael G. Mastronardy is the sheriff of Ocean County, who would be responsible for carrying out any eviction of the property. Scott M. Colabella is the Ocean County Clerk, with whom plaintiff is forbidden from filing additional papers regarding the property. Denise M. Scheufler is plaintiff's ex-wife who obtained the property and a power of attorney over defendant in divorce proceedings in 2017. (Compl., ex. E.)

Although it is reasonably clear why these defendants are included in the suit, plaintiff does not plead any specific facts that demonstrate how the defendants have harmed him or how they could grant him the relief he seeks. The complaint is bereft of any factual allegations against these defendants. Because the complaint fails to state any facts that could allow me to infer that these defendants are liable for any misconduct, *Iqbal*, 556 U.S. at 678, and because I find that there is no possible set of facts that could entitle plaintiff to

---

[4] And a proceeding, moreover, with respect to a property in which the plaintiff no longer had an interest.

relief, *Haines*, 404 U.S. at 520–21, I find that plaintiff has failed to state a claim against these defendants, and the case is dismissed as against them.[5]

### e. Defendants with no connection to the case

Finally, plaintiff includes a set of defendants with absolutely no logical connection to the underlying case. Presumably they are named solely because they hold powerful positions in the state, the country, the world, and the Roman Catholic church.

Marlene Caride is the commissioner of the New Jersey Department of Banking and Insurance. Elizabeth Maher Muoio is the New Jersey State Treasurer. Gurbir S. Grewal was the New Jersey Attorney General. Phil D. Murphy is the governor of New Jersey. Walter Joseph Clayton, III was Chairman of the Securities and Exchange Commission. Hugh R. Frater is the CEO of Fannie Mae. Joseph M. Otting was Comptroller of the Currency. John Robert[s] is the Chief Justice of the United States Supreme Court. Steven T. Mnuchin was the United States Treasury Secretary. William P. Barr was the United States Attorney General. Donald J. Trump was the president of the United States. Elizabeth Alexandra Mary Windsor II is the Queen of the United Kingdom of Great Britain and Northern Ireland. Francis is the current Pope and head of the Roman Catholic Church.

Aside from being included in the caption of the case, more dubiously, allegedly having been served with process, these defendants are not mentioned anywhere in the body of the complaint. Plaintiff alleges no specific facts that could lead me to infer that the defendants could be liable for misconduct, *Iqbal*, 556 U.S. at 678. Because I find that there is no possible set of facts that would

---

[5] Defendants Colabella and Mastronardy argue that this case should be dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. (DE 29-1 at 4.) The *Rooker-Feldman* doctrine "strips federal courts of jurisdiction over controversies that are essentially appeals from state-court judgments." *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Although the doctrine plausibly applies here, insofar as plaintiff is attempting to overturn the state court decision giving his ex-spouse the deed to the 117 Albert Street property, I do not reach the issue because I dismiss the complaint for failure to state a claim.

entitle plaintiff to relief against these defendants, *Haines*, 404 U.S. at 520–21, I find that plaintiff has failed to state a claim upon which relief can be granted and this case must be dismissed.[6]

### f. Dismissed with prejudice

Under Federal Rule of Civil Procedure 41, the district court has the discretion to dismiss a case with or without prejudice. The Court is well aware of the presumption in favor of permitting at least one opportunity to amend. Given the unique nature of these allegations, however, it appears that further amendment would be futile.[7] Because no court can give plaintiff the relief he seeks on the basis of any reasonably conceivable of facts, I will enter the dismissal of claims against all defendants with prejudice.

## IV. CONCLUSION

For the reasons stated above, plaintiff's motions for default judgment (DE 42, 48) are DENIED all motions to dismiss (DE 29, 35, 38, 39, 46) are GRANTED. The claims against the Hons. Stuart Rabner and Marlene Lynch Ford are dismissed due to judicial immunity. The claims against Fein, Such, Kahn, & Shepard, P.C. and Dolores M. De Almeida are dismissed based on the litigation privilege. The claims against all other defendants are dismissed for failure to state a claim upon which relief can be granted. All dismissals are entered with prejudice.

---

[6] I add that all claims in this case could also have been dismissed on the grounds that the complaint does not include a "short and plain statement" of the claims. Fed. R. Civ. P. 8.

[7] As noted, many of the defendants are immune, and others have no conceivable connection to the plaintiff or the underlying events. Although plaintiff does not claim membership in any organization, many of his arguments are similar to (or derived from) so-called sovereign citizen legal theories. It is well established that "sovereign citizen" arguments, while made with some regularity, are patently frivolous. *See Smithson v. York Cty. Court of Common Pleas*, 2016 WL 4521854, at *4 (M.D. Pa. Aug. 3, 2016), report and recommendation adopted, 2016 WL 4523985 (M.D. Pa. Aug. 29, 2016); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990); *Bey v. Hillside Twp. Mun. Court*, 2012 WL 714575, at *6 (D.N.J. Mar. 5, 2012); *Yun v. New Jersey*, 2019 WL 913155, at *5 (D.N.J. Feb. 22, 2019).

An appropriate order accompanies this opinion.

Dated: February 2, 2022

/s/ Kevin McNulty
_____
**KEVIN MCNULTY**
**United States District Judge**